Lanzinger, J.,
concurring.
{¶ 137} I concur in the majority’s holding that an aggregate prison term for multiple offenses that extends beyond the defendant’s natural lifespan is a life-without-parole sentence by another name. Therefore, Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which forbids imposition of life-without-parole sentences for juvenile nonhomicide offenders, applies to this case. I also agree that allowing review of the 112-year sentence of appellant, Brandon Moore, only after 77 years when he is 92 does not provide the “meaningful opportunity to obtain release” that Graham requires, id. at 75.
{¶ 138} But I write separately due to concern that in simply remanding for “resentencing in conformity with Graham” majority opinion at ¶ 100, we leave unaddressed the problem of when the “meaningful opportunity” would take place. While we hold that 77 years is too long to wait, how exactly does the trial court *595 follow our instruction and resentence Moore? What is a constitutional sentence, and how is it arrived at? We have chosen not to say.
{¶ 139} Unfortunately, no statute is on point and, in fact, Ohio felony-sentencing law now seems to encourage the longest prison terms for multiple offenses as there is no limit on the number of consecutive sentences a trial court may impose once the trial court makes any of the findings required by R.C. 2929.14(C)(4). We upheld against an Eighth Amendment attack the imposition of maximum, consecutive sentences for an aggregate term of 134 years for the nonhomicide offenses of a 24-year-old in State v. Hairston, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073. Just as in Moore’s case, Hairston received separate terms for firearm specifications as well as the longest term within the authorized range for each individual offense, all to be served consecutively. Id. at ¶ 9. In my separate opinion in Hairston, the General Assembly was asked to consider restoring guidelines to establish when consecutive sentences are appropriate so as to discourage the routine “max and stack” of prison terms in multiple-count indictments. Id. at ¶ 28-33 (Lanzinger, J., concurring). Although it subsequently enacted R.C. 2929.14(C)(4) as part of 2011 Am.Sub.H.B. No. 86, effective September 30, 2011, to require trial courts to make certain statutory findings before imposing consecutive sentences, the General Assembly did not place any limit on the length of these aggregate sentences. Because the General Assembly has yet to address “max and stack” sentencing, it is unlikely to quickly enact a new statute to govern the judicial release of offenders who committed their offenses while juveniles.
{¶ 140} In the absence of specific statutory authority then, on remand in this case, the trial court must determine at what point in his sentence Moore should be allowed the chance to demonstrate his maturity and rehabilitation to potentially obtain an earlier release from custody. The court may not just provide a review date for parole or judicial release in the sentencing entry as it must still follow current law.
{¶ 141} I believe the existing judicial-release statute can help the court in choosing a sentence that will satisfy Graham even though the statute itself does not mention the specific situation before us. Judicial release is governed by R.C. 2929.20. Those eligible are defined in R.C. 2929.20(A), and unless certain offenses have been committed, none of which were committed in Moore’s case, the length of the nonmandatory prison term determines the time for application. See R.C. 2929.20(C). Moore’s aggregate 112-year prison sentence consists of 12 years of mandatory time for four three-year gun specifications, with the remainder of his sentence being ten maximum prison terms of ten years each for first-degree felonies, see former R.C. 2929.14(A)(1), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7464 (providing for maximum ten-year sentence for first- *596 degree felonies committed by Moore at time of his resentencing).[3] As the record shows, the trial judge intended to and did impose the harshest penalty possible by imposing all the felony terms consecutively: “[I]t is the intention of this court that you should never be released from the penitentiary.”
{¶ 142} On resentencing, however, the trial court must craft a sentence that will allow Moore a meaningful opportunity to obtain judicial release before he is 92. Because mandatory time must be served without reduction, the court must resentence Moore the same way on the four firearm specifications for at least 12 years of mandatory and consecutive time. The rest of his sentence is subject to the court’s modification. It must be emphasized again that allowing Moore an earlier opportunity to apply for judicial release does not guarantee the release. It allows him the chance to persuade the judge that he need not be in prison for the rest of his natural life. The timing of eligibility will depend on the court’s sentencing decision.
{¶ 143} I suggest that to remain in accord with the sentencing statutes, the trial court may either reduce the maximum penalties on some or all of the underlying ten felonies or may decide to impose some or all of them concurrently rather than consecutively. To illustrate, if the court were to grant minimum sentences for all ten underlying felonies, Moore would be sentenced to 12 plus 30 years for a stated prison term of 42 years. See R.C. 2929.14(A)(1) (providing for three-year minimum term for first-degree felonies committed by Moore). Under the judicial-release statute, this would mean that he would have an opportunity to apply for judicial release after serving 21 years, when he would be 36 years old. See R.C. 2929.20(C)(5) (if the aggregated nonmandatory term or terms is more than ten years, the earliest opportunity is one-half of the stated prison term). Alternatively, the court could impose concurrent sentences for some or all of the first-degree felonies. For example, Moore was found guilty of three rapes and three conspiracies to commit rape. If all these sentences remained maximum terms but were made concurrent, the prison term for these six offenses would be 10 years instead of 60, and without any other modification, would allow Moore to apply for judicial release at age 46 after serving 31 years (one-half of the stated prison term of 62 years).
{¶ 144} These are just two examples of ways in which the trial court at resentencing can allow Moore’s eligibility for judicial release before the passage of 77 years.
{¶ 145} Of course, the General Assembly could choose an entirely new method to ensure that Graham’s requirements are followed by enacting specific time *597 limits for one who was a juvenile at the time of the offense to have a meaningful opportunity to obtain release. My suggestions are offered only as a temporary approach to implementing this court’s instructions upon remand.

. Moore was also sentenced to a six-month term for aggravated menacing to be served concurrently with the felony sentences.